## CHARLES H. WILL *v.* BESSIE WILL.

### No. 1652.

APPEAL FROM CIRCUIT JUDGE FOURTH CIRCUIT.
HON. H. L. ROSS, JUDGE.

SUBMITTED JANUARY 28, 1927.		DECIDED MARCH 3, 1927.

PERRY, C. J., BANKS AND PARSONS, JJ.

EVIDENCE—*divorce—extreme cruelty.*

Upon the evidence a finding of extreme cruelty is sustained.

OPINION OF THE COURT BY PERRY, C. J.

This is a divorce case. There was a libel and a cross-libel, each charging extreme cruelty and the cross-libel of

the wife charging, in addition, adultery on the part of the husband. The circuit judge dismissed the cross-libel, sustained the libel and granted a divorce on the ground of extreme cruelty by the wife, who then appealed to this court.

The trial was lengthy and thorough. The transcript of the testimony adduced covers nearly one thousand pages. The testimony was highly contradictory. Practically every assertion by the one spouse of misdoing by the other was denied by the other. There was some corroborative testimony on each side. This is clearly a case where the rule must be followed that great weight should be accorded to the findings of the trial judge who saw the witnesses and heard them testify. An examination of the evidence adduced discloses no reason for disturbing the findings of fact as made by the lower court.

Much evidence was admitted showing the part taken by the grandmother of the wife, who for long periods of time was a member of the household, in the difficulties and controversies of this couple and it is contended by the appellee that in this there was error. It is apparent from the record that it would have been difficult for the witnesses to have given any connected narrative of the dissensions in the household without stating the part taken by the grandmother. She had a very direct connection with many of the incidents testified to. Moreover, there is nothing in the record to indicate that the trial judge misunderstood the correct effect to be given to the testimony of her doings or that he granted the husband a divorce based upon the cruelties of the grandmother.

The testimony adduced in support of the libel was evidently believed, in its essentials at least, by the trial judge. There was evidence of the frequent use by the wife of vulgar and profane language addressed to the

husband, that she frequently called him vile names, that there were almost incessant scoldings of various sorts, that she threw various things at him, including hot tea, and that on various occasions she committed actual physical assaults upon him, dealing blows with her fists, kicking him, tearing his clothes, twisting his ears and injuring the cartilage in one ear, and using her finger nails on his neck and face so as to cause bleeding. The undisputed evidence is that she was a strong woman. This is not a case of mere words causing mental suffering. There was personal violence, such as to produce bodily injury and sufficient to create an apprehension of further bodily injuries. The evidence was ample to sustain a finding of extreme cruelty on the part of the wife towards the husband.

The decree appealed from is affirmed.

*C. S. Carlsmith* for libellant.

*Brown, Cristy & Davis* and *J. W. Russell* for libellee.